Eastern District of Kentucky
FILED

MAR - 7 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-129-JBC

JUDY HAMMOND-BAKER,     PLAINTIFF

V.     **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Judy Hammond-Baker, *pro se*, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that her disability benefits award had been calculated correctly and that she was not entitled to any increase in monthly benefit payments.

This matter is before the Court on cross-motions for summary judgment. [DE ##15, 16].

By Order of December 12, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on August 10, 1999, alleging an onset date of April 10, 1999. In an ALJ decision issued on May 23, 2000, ALJ Mark R. Dawson found that plaintiff had been disabled since April 10, 1999, and that she was entitled to disability benefits (Tr. 226-27), and this matter was further processed for a determination of the proper amount of plaintiff's DIB award.[1]

---

[1] Plaintiff states that she was subsequently notified on July 28, 2000, that she was ineligible for SSI payments because (1) her resources were greater than $2,000.00 and (2) she exceeded the SSA eligibility guidelines.

Plaintiff's monthly DIB payment was determined to be $686. Plaintiff requested reconsideration of the computation of her monthly benefit amount. (Tr. 284). Plaintiff's request for recalculation was denied initially and on reconsideration, resulting in plaintiff's request for an ALJ hearing. Plaintiff elected to have a decision made based on the evidence in the record in lieu of an ALJ hearing. In a decision issued on August 12, 2004, ALJ John M. Lawrence concluded that amount of plaintiff's DIB benefits had been calculated correctly and that she is not entitled to any increase in benefits. (Tr. 31-32).

On March 16, 2005, the Appeals Council declined to review the ALJ's decision, finding no reason under the rules to review same. (Tr. 8-10). Therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

### IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff appears to argue that even if the computation of her monthly benefit amount is correct, the method used to make that computation

2

is unfair and discriminatory because (1) the end result for her is a monthly benefit award that falls below the minimum wage, and (2) the Commissioner's methodology can show partiality to one group over another. Thus, plaintiff appears to be asserting an equal protection argument.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Discussion/Analysis

### A. Computation of benefit amount

For purposes of computing Social Security benefits for old-age, survivors, and disability claimants, a claimant's "primary insurance amount" (PIA) is the basic dollar figure upon which the benefit computations are based. There are several methods for computing the PIA, depending on a claimant's age. In this present action, plaintiff became disabled subsequent to 1978 and before she reached age 62. Therefore, the Commissioner computed her PIA under the Average Indexed Monthly Earnings (AIME) method, as described in 20 C.F.R. § 404.210 (2005).

First, the Commissioner determined plaintiff's AIME. (Tr. 260-64). See 20 C.F.R. § 404.210(b)(1). Next, the Commissioner determined the benefit formula for 1999, the year plaintiff became disabled. See 20 C.F.R. § 404.210(b)(2). The Commissioner then applied the benefit formula to plaintiff's AIME to determine plaintiff's PIA amount. (Tr. 260-64). See 20 C.F.R. § 404.210(b)(3). Utilizing the foregoing formula prescribed by the Commissioner's regulations, the Commissioner determined the amount of plaintiff's monthly benefit payment as dictated by the formula. Plaintiff does not appear to argue that the Commissioner made a computational error in calculating the monthly benefit itself; instead, plaintiff appears to allege that the methodology itself produces an inequitable result.

### B. Equal protection

Plaintiff appears to argue that even if the Commissioner's computation of her monthly benefits is correct, the methodology is unfair and discriminatory. In essence plaintiff asserts that the Commissioner's methodology violates the Equal Protection Clause of the United States Constitution.

3

In order to demonstrate an equal protection violation, one must prove that the government has established a statutory classification that is either (1) based on a suspect classification, or (2) interferes with a fundamental right. When a classification is suspect or involves a fundamental right, it can be upheld only if the action is necessary to serve a "compelling governmental interest." This standard is referred to as "strict scrutiny." *See Bernal v. Fainter*, 467 U.S. 216, 219 (1984). On the other hand, "[a] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993), and need only be "rationally related to a legitimate state interest." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 440 (1985); *Dandridge v. Williams*, 397 U.S. 471, 483-87 (1970). This standard is known as the "rational basis" test. *See Heller*, 509 U.S. at 320, (*quoting Federal Communications Comm'n v. Beach Communications, Inc.*, 508 U.S. 307, 314-315 (1993) (citations omitted)).

In *Weinberger v. Salfi*, 422 U.S. 749, 772 (1975), the Court held that for purposes of equal protection analysis, the receipt of social security disability benefits is not a "fundamental right." Thus, plaintiff has no fundamental right to receive social security disability benefits, and the "rational basis" test is applicable to plaintiff's case.

When social or economic legislation is at issue, the government is allowed wide latitude. *Cleburne*, 473 U.S. at 440. The "rational basis" review in an equal protection analysis "is not a license for courts to judge the wisdom, fairness or logic of legislative choices." *Heller*, 509 U.S. at 319 (*quoting F.C.C. v. Beach Communications, Inc.*, 508 U.S. at 313). At the outset, a statute is presumed constitutional; "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it," *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973), whether or not the basis has a foundation in the record. *Heller*, 509 U.S. 320-21. In determining whether a challenged statute has a rational basis, courts look to whether there are plausible reasons for congressional action; if so, judicial inquiry is at an end. *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 179 (1980).

4

The Supreme Court has held that the rational basis test is satisfied so long as the statute does not manifest a "patently arbitrary classification, utterly lacking in rational justification." *Flemming v. Nestor*, 363 U.S. 603, 611 (1960). Further, the judiciary is not in a position to second-guess Congress in public welfare legislation. *Id.* Courts are compelled under rational basis review to accept a legislature's generalizations even where there is an "imperfect fit between means and end. A classification does not fail rational basis review because it 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Heller*, 529 U.S. at 321, *quoting Dandridge v. Williams*, 397 U.S. at 485 and *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911).

In the present case, plaintiff has come forward with no evidence to suggest that the statutory scheme set out at 20 C.F.R. §§ 404.204, 404.210, *et seq.*, is patently arbitrary. In general, this statutory scheme is simply a formula for computing a disability benefit award based on a combination of factors, such as, generally, when a person became disabled and the person's lifetime earnings prior to becoming disabled. It is logical that the amount of a disability benefit award be related to a claimant's age at the time the claimant became disabled and the claimant's lifetime earnings. Thus, there is a rational basis for the statutory scheme in question. Consequently, the Magistrate Judge concludes that plaintiff's equal protection argument is without merit.

C.      **Plaintiff's *pro se* submissions during pendency of action**

Subsequent to the filing of this action, plaintiff has submitted two separate filings: one filing concerns a notice of an increase in plaintiff's monthly disability benefits effective in 2006 due to the 4.1% cost of living raise [DE #18], and the other filing consists of excerpts from the "Medicare and You 2006" handbook (Publication No. CMS-10050-15 Sept. 2005).

Perceiving these filings as a motion to supplement, the Commissioner has filed a response in opposition to plaintiff's filings, pointing out that it is well-settled in the Sixth Circuit that the record closes at the time of the ALJ's decision, and the federal district cannot consider any new evidence it its substantial evidence review. *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

"New evidence" submitted subsequent to the ALJ's decision may only be considered in the context of remand under sentence six of 42 U.S.C. § 405(g), which provides that a reviewing court may order additional evidence to be taken before the Commissioner, "but only upon a showing that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See Melkonyan v. Sullivan*, 111 S.Ct. 2157 (1991). The court may remand a case to the Commissioner *only* when the plaintiff shows that the additional evidence is new and material. *See* 42 U.S.C. § 405(g); *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th Cir. 1984). The party seeking remand bears the burden of showing that remand is proper. *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 712 (6th Cir. 1988); *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir. 1986).

Although the evidence plaintiff presented is "new," plaintiff has failed to demonstrate that it is "material" to her claim. In order to show that the evidence is "material," plaintiff "must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. Plaintiff provided no such explanation. She simply states that the "Medicare and You 2006" handbook "lets you know that the SSA program is utilized in the territories." Additionally, plaintiff's letter indicating that in 2006, her monthly benefit amount will be $815.50 does not explain how her benefits, as originally awarded in 2000, were improperly calculated. Therefore, plaintiff's "new evidence" fails to establish any probability of a different disposition of this case upon remand.

Since plaintiff has failed to show that good cause exists to remand, and since no "reasonable probability" was presented that this evidence would result in a different decision in the calculation of her monthly benefit award, the Magistrate Judge concludes that remand under sentence six is not warranted.

## V. CONCLUSION

Having reviewed the administrative record, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge

concludes that the Commissioner's decision concerning the calculation of the amount of plaintiff's monthly disability benefits is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #15] be **DENIED**, that the defendant's motion for summary judgment [DE #16] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 7th day of March, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE